UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY PRICE | CIVIL ACTION |
| VERSUS | NO. 19-11451 |
| PAULETTE RILEY IRONS, ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

The Court has received a motion to dismiss from defendant Judges Robin Giarrusso, Christopher Bruno, and Paulette Irons.[1] Because there is no basis for the Court to entertain claims against the judges in either their official or individual capacities, the Court grants the motion.

**I.  BACKGROUND**

This case arises from allegations of impropriety associated with a legal proceeding initiated in state court by plaintiff Stanley Price. Plaintiff filed suit in state court against Quiana Hunt and the Hunt-Clark Law Firm, L.L.C.[2] Plaintiff states that Hunt and the Hunt-Clark Law Firm were represented by attorney Sharon Hunter.[3]

---

[1] R. Doc. 25.
[2] *See* R. Doc. 1 at 6.
[3] *See id.*

The suit was assigned to Judge Robin Giarrusso.[4] Plaintiff complains that after a pretrial conference, Hunter and Judge Giarrusso allegedly "held ex parte meeting, and Judge Giarrusso or her law clerk redacted plaintiff's demand for trial by jury . . . by making a minute entry on the docket sheet to the effect."[5] Plaintiff also alleges that at a preliminary injunction hearing—which was set to address allegations that Hunt was interfering with plaintiff's telephone services[6]—Judge Giarrusso "adopted . . . Hunter's disposition, spoke disrespectful in an insulting obstreperous manner of vociferation was unable to determine the veracity of the controversy, failed to resolve the issue, ruled in favor of Hunt and denied plaintiff of his property."[7]

Plaintiff presents an assortment of other criticisms of Judge Giarrusso's conduct. For instance, he alleges that Judge Giarrusso "excluded affidavits of plaintiff" and "permitted attorney . . . Hunter to file untimely pleadings."[8] He further alleges that Judge Giarrusso "commissioned, sanctioned and relied on fabricated and fraudulent misrepresentations and documentations filed by Hunt,"[9] and even "use[d] her office to commission,

---

[4] *See* R. Doc. 1 at 6.
[5] *See id.* at 6-7.
[6] *See id.* at 7.
[7] *See id.*
[8] *See* R. Doc. 1 at 10.
[9] *See id.* at 9.

2

sanction, permit and aid and abet . . . [Hunter and Hunt] to commit criminal acts."[10]

As an explanation for this alleged behavior, plaintiff suggests that Judge Giarrusso acted improperly "because of her personal political relationship with . . . Hunter."[11] Plaintiff further alleges that Judge Giarrusso "has a paradigmatic practice of depriving pro se male litigants of due process to support and promote interest of female private attorneys."[12] In light of these concerns, plaintiff moved to recuse Judge Giarrusso "on the grounds of bias and prejudice."[13]

Plaintiff states that this recusal motion was heard by Judge Christopher Bruno.[14] Judge Bruno denied the motion—allegedly "interpret[ing] and appl[ying] his subjective opine that he believed that Judge Giarrusso's conduct was altruistic in nature"[15]—and indicated that plaintiff could raise the issue again later if plaintiff were "denied a jury trial."[16] In addition to plaintiff's concerns regarding Judge Bruno's conduct in his own case, plaintiff also alleges that Judge Bruno "failed to recuse Judge

---

[10]   *See id.* at 10
[11]   *See* R. Doc. 1 at 10
[12]   *See id.* at 11.
[13]   *See id.* at 7.
[14]   *See* R. Doc. 1 at 7.
[15]   *See id.*
[16]   *See id.* at 8.

3

Giarrusso" in a case involving another "pro se litigant," despite "knowledge of consistent acts of complicity of legal corruption."[17]

Overall, therefore, plaintiff alleges that "Judge Bruno . . . neglected to perform [his] judicial and fiduciary duty to recuse and discipline Judge Giarrusso."[18] Plaintiff suggested that Judge Bruno acted in this fashion "for the sole purpose of concealing contraventions by and protection of" Judge Giarrusso.[19] Indeed, plaintiff alleges that "[a]ll state defendants acted in concert to promote and support judicial corruption of Judge Giarrusso for political and social reasons."[20]

Finally, with regard to Judge Irons, Plaintiff claims that she "issued an order recusing all judges from hearing this case or controversy,"[21] thus "infring[ing] and abridg[ing] his federal and state constitutional right to petition the court for redress of his grievances."[22] He further alleges that Judge Irons "orchestrated and concocted a scheme by ex parte meeting with retired judge Donald T. Johnson to act as ad hoc judge over plaintiff's civil action."[23] In order to place Judge Johnson in this role, plaintiff alleges Judge

---

17 *See id.* at 8.
18 *See* R. Doc. 1 at 9
19 *See id.* at 10
20 *See id.* at 14.
21 R. Doc. 1 at 4.
22 *See id.*
23 *Id.*

4

Irons "improperly influence[d] justice Greg Gerard Guidry."[24]  Plaintiff also attributes the stalling of his state proceedings to Judge Irons's actions.[25]

Based on these alleged facts, plaintiff filed this suit in order to "redress" the following "grievances" under the law:

> violation of U.S. Constitution 1st Amendment Right, U.S. Constitution 14th Amendment and 42 U.S.C. §§ 1983, 1985 and 1986 Civil Conspiracy, Defamation, Abuse of Process, Fraud and Fraud on the Court, Intentional Infliction of Emotional Distress, Perjury, Professional Code of Conduct and Ethics, Code of Judicial Conduct, Louisiana Constitution Article I §§ 2 and 22, and Louisiana Governmental Claims Acts, La. Civ. Code art. 2315, 2316, 2324, La. Rev. State. 13:5101, La. Rev. Stat. 14:123, La. Rev. Stat. 14:133.[26]

Judges Giarrusso, Bruno, and Irons now jointly move to dismiss these claims under Rules 12(b)(1) and 12(b)(6).[27]

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional

---

[24] *See id.*
[25] *See id.* at 4-5.
[26] R. Doc. 1 at 3.
[27] *See* R. Doc. 25-1 at 3-6.

power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

Unlike in a Rule 12(b)(6) motion, though, "[c]ourts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject

matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

## B. Federal Rule of Civil Procedure 12(b)(6)

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must "accept all factual allegations in the complaint as true" and "must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "'detailed factual allegations,'" but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations

7

omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III. DISCUSSION

Plaintiff's complaint does not indicate clearly whether he is suing Judges Giarrusso, Bruno, and Irons in their official or individual capacities.[28]

---

[28] *See* R. Doc. 25-1 at 6.

8

Defendants thus move to dismiss plaintiff's claims against them on both grounds.[29]

## A. Official Capacity

Defendants argue that plaintiff's suit against them in their official capacities is barred by the Eleventh Amendment.[30] Because this argument is jurisdictional, the Court considers it under Rule 12(b)(1). *See Jefferson v. La. State Supreme Court*, 46 Fed. App'x 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam) ("[E]leventh amendment immunity . . . deprives the court of subject matter jurisdiction of the action." (alteration in original) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987))); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("[T]he Eleventh Amendment operates as a jurisdictional bar.").

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Louisiana has not consented to this suit.[31] *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its

---

[29] *See id.* at 6-8.
[30] *See* R. Doc. 25-1 at 6-7.
[31] *See* R. Doc. 25-1 at 7 ("[T]he State of Louisiana has not waived its Eleventh Amendment immunity for claims against it in federal court, and does not do so now." (citation omitted)).

9

Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing La. Rev. Stat. § 13:5106(A))); *see also Holliday v. Bd. of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014) ("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system.").

Generally, therefore, Louisiana enjoys immunity against suits brought in federal court. This immunity extends to suits brought under state law. *See Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (stating that state-law claim is barred where "the plaintiff's claim was against the State of Louisiana and not the named defendant acting in his individual capacity"). It also applies to suits under Section 1983. *See Cozzo*, 279 F.3d at 281 (stating that "Congress may only abrogate a state's Eleventh Amendment immunity by 'unequivocally' expressing its intent to do so and by acting 'pursuant to a valid exercise of power,'" (quoting *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999)), and "that in enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States'" (quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979))).

Furthermore, this immunity extends not only to suits against Louisiana itself, but also to suits against Louisiana officials acting in their official capacity. Indeed, "[s]uits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)).

A suit such as this one against a Louisiana state court judge in his or her official capacity is a suit against a state official and barred by the Eleventh Amendment. *See Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Cain v. City of New Orleans*, 281 F. Supp. 3d 624, 646 (E.D. La. 2017), *aff'd sub nom.*, *Cain v. White*, 937 F.3d 446 (5th Cir. 2019) (stating that Eleventh Amendment immunity would apply to a suit for retrospective relief against Orleans Parish Criminal District Court judges); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (finding that "an official-capacity claim against [a Louisiana judge] would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh

11

Amendment"). Indeed, a section of this Court previously found that this bar applied to a suit against Judge Giarrusso. *See Jones v. Giarrusso*, No. 12-0494, 2012 WL 12885204, at *3 (E.D. La. Aug. 16, 2012). Insofar as plaintiff sues the judges in their official capacity, therefore, the Eleventh Amendment precludes his suit. Thus, dismissal under Rule 12(b)(1) is appropriate.

Given that the Court does not have jurisdiction over plaintiff's claims against the judges in their official capacity, the Court does not proceed to consider defendants' argument that they are not "persons" for the purposes of Section 1983.[32]

### B. Individual Capacity

Defendants argue that plaintiff's suit against them in their individual capacities is barred by the doctrine of absolute judicial immunity.[33] The Court considers this argument under Rule 12(b)(6). *See Ballard v. Wall*, 413 F.3d 510, 514, 520 (5th Cir. 2005) (affirming a district court's Rule 12(b)(6) dismissal on the basis of judicial immunity).

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam).

---

32      R. Doc. 25-1 at 7-8.
33      *See* R. Doc. 25-1 at 8-11.

12

Such absolute immunity means that judges are "immun[e] from suit, not just from ultimate assessment of damages." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, "[j]udicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284 (citing *Mireles*, 502 U.S. at 11-12). Actions are "judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12). Alleging that a judge acted with "bad faith or malice" does not preclude immunity. *See Mireles*, 502 U.S. at 11.

Plaintiffs' claims against each of the judges are judicial in nature. With regard to Judge Giarrusso, for instance, plaintiff complains in large part of her "redact[ing] [his] demand for trial by jury" in his state-court complaint.[34] Even if Judge Giarrusso did so with malice, though, her interactions with plaintiff occurred in the context of his legal proceedings before her. Plaintiff then complains with regard to Judge Bruno, that he "neglected to . . . recuse and discipline Judge Giarrusso."[35] Recusal, though, is part of standard judicial administration. Finally, with regard to Judge Irons, plaintiff likewise

---

[34] *See* R. Doc. 1 at 7.
[35] *See id.* at 9.

complains that she "issued an order recusing all judges" from his case,[36] and "improperly influence[d] Justice Greg Gerard Guidry to issue an order granting her order to allow ad hoc judge Donald T. Johnson to preside over the case."[37] But again, recusal and assignment determinations fall within the judicial bailiwick. Based on the substance of plaintiff's claims, therefore, the judges enjoy absolute immunity here.[38] Thus, dismissal under Rule 12(b)(6) is appropriate.

Given that the Court has found the judges to have absolute immunity, the Court does not proceed to consider defendants' argument in the alternative that they also have qualified immunity.[39]

### C. Leave to Amend

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend," *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Peña v. United States,* 157 F.3d 984, 987 n.3 (5th Cir. 1998)),

---

[36] *See id.* at 4.
[37] *Id.*
[38] The analysis is the same for both plaintiff's federal and state claims. The Court applies Louisiana's immunity laws regarding plaintiff's state law claims, *see Brown v. Miller*, 519 F.3d 231, 239 (5th Cir. 2008) ("In evaluating a motion to dismiss a state claim on the grounds of qualified immunity, federal courts must apply the state's substantive law of qualified immunity."), but "[t]he Louisiana jurisprudence on judicial immunity mirrors the federal doctrine," *Moore v. Taylor*, 541 So. 2d 378, 381 (La. App. 2 Cir. 1989)
[39] *See* R. Doc. 25-1 at 11-15.

"unless it is obvious from the record that the plaintiff has pled his best case," *id.* at 503. Here, plaintiff indicates in his opposition his intent to request leave to amend his complaint.[40] Specifically, he states that he could "clarify and cure defects" in his original complaint by adding "declaratory and injunctive relief claims against judicial defendants"[41]—indeed, he "recognizes the necessity" to do so[42]—and by indicating that he is suing judges Giarrusso, Bruno, and Irons "in their official and individual capacities."[43] Otherwise, though, he does not suggest how he would amend the substance of his allegations.

Suing for declaratory or injunctive relief could address some of the deficits in plaintiff's complaint. With regard to plaintiff's claims against the judges in their official capacity, for instance, Eleventh Amendment immunity does not apply, under the "*Ex Parte Young* exception," when "the relief sought . . . [is] declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

---

[40] *See* R. Doc. 50 at 14 ("Plaintiff preserves his right to file Rule 15(a) amended and supplemental complaint to cure any defects determined by the court.")
[41] *See id.* at 11.
[42] *See id.* at 10.
[43] *See id.*

15

Similarly, with regard to plaintiff's claims against the judges in their individual capacity, "judicial immunity does not bar claims for injunctive or declaratory relief in § 1983 actions." *Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (5th Cir. 2014) (per curiam) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985)). That said, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam) (noting that a 1996 amendment to Section 1983 restricted the availability of injunctive relief).

Even if plaintiff were to amend his complaint to include requests for declaratory and injunctive relief, though, the Court would still have discretion to deny his amendment as futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). Plaintiff's allegations here involve dissatisfaction with the merits of the decisions state judges made in their capacity as judges. Plaintiff's rambling, incoherent, and conclusory allegations raise no plausible constitutional claims. He has presented the Court with no basis for issuing a declaration or injunction.

Therefore, any amendment would be futile. The Court thus denies plaintiff leave to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss. The Court DISMISSES WITHOUT PREJUDICE plaintiff's claims against Judges Giarrusso, Bruno, and Irons in their official capacities, and DISMISSES WITH PREJUDICE plaintiff's claims against Judges Giarrusso, Bruno, and Irons in their individual capacities.

New Orleans, Louisiana, this __2nd__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE