UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                         CIVIL ACTION

VERSUS                                                     NO. 19-11451

PAULETTE RILEY IRONS, ET AL.              SECTION "R" (2)


## ORDER AND REASONS


The Court has received plaintiff Stanley Price's motion to disqualify the Honorable Sarah S. Vance from presiding over these proceedings.[1]   The Court also has received Price's request to supplement the motion for disqualification.[2]   The Court grants the motion to supplement, but denies the motion to disqualify.


## I.    BACKGROUND

This case arises from allegations of impropriety associated with legal proceedings initiated in state court by Price.[3]   Plaintiff accused several state judges of mishandling his state proceedings.[4]   For instance, plaintiff sued

---

[1]    R. Doc. 60.
[2]    R. Doc. 61.
[3]    *See generally* R. Doc. 1.
[4]    *See, e.g.*, *id.* at 3-5.

Judge Robin Giarrusso,[5] alleging that when hearing his case, she "spoke disrespectful in an insulting obstreperous manner of vociferation was unable to determine the veracity of the controversy, failed to resolve the issue, ruled in favor of [the opposing party] and denied plaintiff of his property."[6]  As explanation for this behavior, plaintiff suggests that Judge Giarrusso "has a paradigmatic practice of depriving pro se male litigants of due process to support and promote interest of female private attorneys."[7]

Plaintiff moved to recuse Judge Giarrusso from presiding over his state proceedings "on the grounds of bias and prejudice."[8]  Plaintiff alleges that Judge Christopher Bruno, who heard the recusal motion, denied the motion because he "interpreted and applied his subjective opine that he believed that Judge Giarrusso's conduct was altruistic in nature."[9] So plaintiff sued Judge Bruno, as well.[10]

Plaintiff also sued other judges,[11] alleging that they "acted as co-conspirators to the deceitful and illegal practices to deprive plaintiff of his legal and state and federal constitutional rights" and "acted in concert to

---

[5]     *See id.* at 2.
[6]     *See id.* at 6-7.
[7]     *See id.* at 11.
[8]     *See* R. Doc. 1 at 7.
[9]     *See id.*
[10]    *See id.* at 2.
[11]    *See* R. Doc. 1 at 2.

promote and support judicial corruption of Judge Giarrusso for political and social reasons."[12]   Additionally, plaintiff sued the Judiciary Commission of Louisiana,[13] and an individual associated with it,[14] for inadequately investigating Judge Giarrusso.[15]

Plaintiff also sued a lawyer whom he had sued in state court, as well as her counsel.[16]   He alleged, among other things, that these lawyers defamed him.[17]   Additionally, plaintiff sued the Louisiana Office of Disciplinary Counsel, and one of its staff,[18] for allegedly inadequately investigating the lawyer plaintiff sued in state court, and for improperly investigating plaintiff himself.[19]

In response to the complaint, defendants have submitted various motions to dismiss.[20]   The Court has ruled on the motions to dismiss presented by the defendant judges, granting them.[21]   After these rulings, plaintiff submitted a motion to disqualify the Honorable Sarah S. Vance from

---

[12]   *See id.* at 14.
[13]   *See id.* at 1.
[14]   *See id.* at 3, 8.
[15]   *See id.* at 8-9.
[16]   *See* R. Doc. 1 at 2, 6.
[17]   *See id.* at 12-13.
[18]   *See id.* at 2-3.
[19]   *See id.* at 11-12.
[20]   *See* R. Docs. 8, 24, 25, 29, 35, and 45.
[21]   *See* R. Doc. 58 at 1; R. Doc. 59 at 1.

presiding over this matter.[22]   As grounds for this motion, plaintiff generally argues that the Court's "order is bias and prejudice."[23]

## II.   LEGAL STANDARD

Two statutes primarily govern the recusal of judges from district court proceedings, 28 U.S.C. § 144 and 28 U.S.C. § 455. *See, e.g.*, 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3541 (3d ed. Apr. 2020 update).   Different procedures govern each.   Under Section 144, a party must "file[] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."   28 U.S.C. § 144.   The affidavit must, in part, "state the facts and the reasons for the belief that bias or prejudice exists," and it "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."   *Id.*   A "judge must pass on the legal sufficiency of the affidavit"—that is, whether "it alleges facts that, if true, would convince a reasonable person that bias exists"—"but not on the truth of the matters alleged."   *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).   Upon the filing of a sufficient affidavit, the "judge shall

---

[22]    *See* R. Doc. 60.
[23]    *See id.* at 1 (emphasis and capitalization omitted).

4

proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Section 455, on the other hand, does not require such an affidavit, but rather requires broadly that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This provision aims "to avoid even the appearance of partiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988)). The statute also enumerates, under Section 455(b), specific scenarios in which a judge must recuse herself. Under Section 455(b)(1), for instance, a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Despite these procedural differences, "[s]ubstantively, the modern sections 144 (motions for disqualification) and 455 (duty of judge to recuse himself) are 'quite similar, if not identical.'" *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989) (quoting *Chitimacha*, 690 F.2d at 1165). For instance, under both analyses, a court should consider whether a "judge's views are 'extrajudicial.'" *See Tejero v. Portfolio Recovery Assocs., L.L.C.*,

No. 18-50661, 2020 WL 1671558, at *7 (5th Cir. Apr. 6, 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). Views that are not extrajudicial—that is, those "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings"—"do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* (quoting *Liteky*, 510 U.S. at 555).

Generally, when considering recusal "a court must determine 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *See Tejero*, 2020 WL 1671558, at *8 (quoting *Jordan*, 49 F.3d at 155); *see also Chitimacha*, 690 F.2d at 1165. For close decisions, "the balance tips in favor of recusal." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (quoting *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (per curiam)).  That said, as the recusal decision is "extremely fact intensive and fact bound," *Jordan*, 49 F.3d at 157, it is "committed to the sound discretion of the district court," *Chevron*, 121 F.3d at 165; *see also Chitimacha*, 690 F.2d at 1166.

## III.   DISCUSSION

### A.   Request to Supplement Motion

Plaintiff moves to file an affidavit in support of his motion for disqualification.[24]  The Court finds no prejudice in allowing the affidavit, and thus grants leave to file.  *See* E.D. La. L.R. 7.4 ("Memoranda may not be supplemented, except with leave of court.").

The Court notes, though, that the mere filing of an affidavit does not automatically trigger the appointment of another judge.  The preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather than transferring the motion to another judge for that preliminary determination. *See Chitimacha*, 690 F.2d at 1162. Consequently, the Court will "pass on the sufficiency of the affidavit." *Patterson*, 335 F.3d at 483.

### B.   Motion to Disqualify

Plaintiff moves under 28 U.S.C. §§ 144, 453, and 455 to disqualify the Honorable Sarah S. Vance.[25]

---

[24]   R. Doc. 61.

[25]   *See* R. Doc. 60 at 1.

### 1. Section 144

Plaintiff's motion does not satisfy the requirements of Section 144. Plaintiff has not "file[d] a . . . sufficient affidavit." 28 U.S.C. § 144. "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003). But plaintiff does not state material facts; rather, he presents subjective conclusions as a basis for disqualification. For instance, plaintiff's affidavit states that "[a]ffiant perceive the judicial review of Judge Sarah S. Vance is substandard and evades justice,"[26] and that "Judge Sarah S. Vance order is subjective which reveals her attitude toward affiant, insulting to his intellectual capacity to articulate sufficiency of his claims."[27] Furthermore, even if taken as facts, these statements would not convince a reasonable person that bias exists. And even if these statements showed bias, they would not show bias arising from an extrajudicial source. *See id.*; *see also Tejero*, 2020 WL 1671558, at *7. Indeed, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the

---

[26]   *See* R. Doc. 61-2 at 4 ¶ 33.
[27]   *See id.* at 4 ¶ 32.

parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555.

Plaintiff has also not met another requirement of the statute. Specifically, the statute requires that the affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. But plaintiff does not attach a certificate from counsel of record. Furthermore, "courts have held that a *pro se* litigant may not obtain disqualification of a presiding judge . . . under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring" such a certificate. *Williams v. Magnolia Cafe*, No. CV 18-1020-SDD-EWD, 2019 WL 7343507, at *2 (M.D. La. Dec. 31, 2019); *see also Gibson v. Gusman*, No. 14-2273, 2014 WL 6469507, at *2 (E.D. La. Nov. 17, 2014) ("[T]he statute . . . provides a safeguard against the abuse of the privilege granted by the statute, and that well-founded safeguard is the requirement that the affidavit must be accompanied by a certificate of counsel of record, and without which the affidavit is ineffectual to disqualify the judge." (emphasis omitted) (quoting *Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942))). Overall, therefore, Section 144 does not provide a basis for disqualification here.

## 2. *Section 455*

Similarly, Section 455 does not provide a basis for disqualification. First, the Court does not find a basis for recusal under the "catchall" provision of Section 455(a). *See Liteky*, 510 U.S. at 548. Section 455(a) states: "Any . . . judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In making this decision, "a court must determine 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *See Tejero*, 2020 WL 1671558, at *8 (quoting *Jordan*, 49 F.3d at 155). The Court does not find that a reasonable and objective person would harbor doubts about impartiality here, nor does the Court find this decision close.

Plaintiff broadly argues that "[j]ustification for this pleading is evidenced by the judge's interpretation and application of plaintiff's complaint, controlling principles, and departure from U.S. Constitution."[28] The thrust of plaintiff's argument is that the Court's orders granting some of the filed motions to dismiss "violate[d] plaintiff's protected interest of a meaningful opportunity to be heard."[29]   In essence, it seems, plaintiff

---

[28]    *See* R. Doc. 60-1 at 1.
[29]    *See id.* at 10.

disagrees with the Court's rulings that were unfavorable to him. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Such actions generally do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id*. The Court does not find evidence of such antagonism here.

Furthermore, the Court does not find a basis for recusal in the enumerated provisions of Section 445(b). Plaintiff argues that "the order is bias and prejudice,"[30] suggesting that Section 455(b)(1) could apply.[31] Section 455(b)(1) provides for disqualification "[w]here [a judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). But for the same reasons that there is not a basis for recusal due to impartiality, there is not a basis for recusal due to plaintiff's subjective belief of bias or prejudice. In short, the Court finds no reasonable basis supporting disqualification, especially given the absence of grounds for the Court's views to be extrajudicial. The Court also does not find a basis for recusal based on any of Section 455's other provisions.

---

[30]   *See* R. Doc. 60 at 1 (emphasis and capitalization omitted).

[31]   *See also* R. Doc. 60-1 at 4 (citing 28 U.S.C. § 455(b)(1)).

### 3. Remaining Arguments

Plaintiff states that he moves for disqualification under 28 U.S.C. § 453, in addition to the above statutes. Section 453 provides a judge's oath of office, not a mechanism for recusal. *See* 28 U.S.C. § 453. The Court does not therefore find a basis for recusal under this statute.

Additionally, plaintiff enumerates the following grounds for disqualification: "The order is bias and prejudice"; "The order is a violation of judicial oath of office"; "The order violates Judicial Code of Conduct Cannons 1, 2, and 3"; "The order is contradictory to U.S. constitutional law"; and "The order is contradictory to Federal Rules of Civil Procedure."[32] For the same reasons discussed above, the Court does not find any basis for recusal on these grounds.

Nor does the Court find a basis for recusal in any of plaintiff's subsidiary arguments. Plaintiff alleges, for instance, that the Court "sanctioned the illegal representation of the Attorney General office to represent" various judicial defendants, and "reached a determination predicated on the perfidious pleadings of the Attorney General office appointed staff members."[33] Plaintiff's argument about the impropriety of

---

[32]   *See* R. Doc. 60 at 1 (emphasis and capitalization omitted).
[33]   *See* R. Doc. 60-1 at 2.

the Attorney General's representation of the judicial defendants is legally in error, and even if it were not, this argument is not a basis for recusal. Similarly, plaintiff states that he "demanded this case is tried by a jury not judge in order to avoid any inexorable paradigmatic patterns experienced in this judiciary,"[34] but suggests that the Court nevertheless conducted a "bench trial."[35]   The Court's ruling on a motion to dismiss is not a bench trial, and thus this argument is no basis for recusal.   Finally, plaintiff objects to the Court's not allowing amendment of his complaint on the basis of futility, despite the Court's "addresse[ing an] exception which was argued by plaintiff in his opposition."[36]   But the Court already provided reasons in law for its rulings,[37] and the Court does not find that plaintiff's disagreements with the Court's reading of the law support recusal.   In sum, therefore, the Court finds no merit in plaintiff's arguments for disqualification.

---

[34]   *See id.* at 9.

[35]   *See id.* at 1.

[36]   *See id.* at 11.

[37]   *See* R. Doc. 58 at 14-17; R. Doc. 59 at 12-15.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Price's request to supplement his disqualification motion, and DENIES his motion to disqualify.

New Orleans, Louisiana, this \_\_8th\_\_ day of June, 2020.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE