UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                    CIVIL ACTION

VERSUS                                                NO. 19-11451

PAULETTE RILEY IRONS, ET AL.          SECTION "R" (2)

## ORDER AND REASONS

The Court has received a motion to dismiss from defendants the Louisiana Office of Disciplinary Counsel and Susan Kalmbach.[1]  Because there is no basis for the Court to entertain claims against defendants, the Court grants the motion.

## I.    BACKGROUND

This case arises from allegations of impropriety associated with legal proceedings initiated in state court by plaintiff Stanley Price.[2]  In his federal complaint, plaintiff indicates that he previously filed suit in state court against attorney Quiana Hunt.[3]  Hunt was represented by Sharon Hunter.[4]

---

[1]    R. Doc. 8.
[2]    *See generally* R. Doc. 1.
[3]    *See id.* at 4.
[4]    *See id.* at 6.

Plaintiff accuses Hunt's law firm of "deny[ing] his compensation for paralegal services rendered."[5]

Plaintiff also avers that the ODC "received several complaints against [Hunt] from clients, who believes she failed to properly represent their cases."[6]  According to plaintiff, defendant Kalmbach, as Deputy Disciplinary Counsel,[7] was assigned to investigate these complaints.[8]  Plaintiff alleges that Kalmbach improperly conducted this investigation, "us[ing] her office and power to assign credibility to [Hunt]."[9]  Plaintiff further alleges that in conducting her investigation, Kalmbach also investigated plaintiff's "associations and business affairs based on false reports of [Hunt]."[10] Plaintiff claims that these "inquiries were unreasonable based on false accusations,"[11] and that they "interfered with his reputation as a paralegal with business associates which called into question his integrity and jeopardizing his livelihood."[12]

---

[5]    *See id.* at 5.
[6]    R. Doc. 1 at 11.
[7]    *See id.* at 3, 11.
[8]    *See id.* at 11.
[9]    *See id.*
[10]   *See* R. Doc. 1 at 11.
[11]   *See id.* at 12.
[12]   *See id.* at 11.

More broadly, plaintiff alleges that "[a]ll state defendants adopted the disposition of Hunt and Hunter in their acts/omissions acted as co-conspirators to the deceitful and illegal practices to deprive plaintiff of his legal and state and federal constitutional rights."[13]   Similarly, plaintiff contends that "[a]ll state defendants acted in concert to promote and support judicial corruption . . . to aid and abet illicit actions of defendants Hunt and Hunter,"[14] and that defendants "failed to observe . . . their duty and responsibility owed as public servants."[15]   Plaintiff's complaint requests "compensatory and punitive damages against defendants for their misconduct."[16]

The ODC and Kalmbach now move to dismiss plaintiff's claims against them.[17]

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject

---

[13]   *See* R. Doc. 1 at 14.
[14]   *See id.*
[15]   *See id.* at 15.
[16]   *See id.* at 18.
[17]   R. Doc. 8.

3

matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

In assessing a challenge to its subject matter jurisdiction, a court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject matter

jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

### B. Federal Rule of Civil Procedure 12(b)(6)

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must "accept all factual allegations in the complaint as true" and "must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "'detailed factual allegations,'" but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations

omitted).   The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).   "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).   Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III.   DISCUSSION

### A.   ODC

The ODC argues that plaintiff's suit against it is barred by the Eleventh Amendment.[18]   Because this argument is jurisdictional, the Court considers

---

[18]     *See* R. Doc. 8-1 at 7-8.

it under Rule 12(b)(1), and considers it first. *See Jefferson v. La. State Supreme Court*, 46 F. App'x 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam) ("[E]leventh amendment immunity . . . deprives the court of subject matter jurisdiction of the action." (first alteration in original) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987))); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("[T]he Eleventh Amendment operates as a jurisdictional bar.").

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Louisiana has not consented to this suit.[19] *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing La. Rev. Stat. § 13:5106(A))); *see also Holliday v. Bd. of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014) ("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system.").

---

[19]    *See* R. Doc. 8-1 at 8 ("The State of Louisiana has not waived its Eleventh Amendment immunity for claims against it in federal court, and does not do so now." (citation omitted)).

Generally, therefore, Louisiana enjoys immunity against suits brought in federal court. This immunity extends to suits brought under state law. *See Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (stating that state-law claim is barred where "the plaintiff's claim was against the State of Louisiana and not the named defendant acting in his individual capacity"). It also applies to suits under Section 1983. *See Cozzo*, 279 F.3d at 281 ("[I]n enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.'" (quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979))); *see also Richardson*, 118 F.3d at 452-53 (finding that the Eleventh Amendment barred both "federal *and* state-law claims").

Furthermore, this immunity can extend not only to suits against Louisiana itself, but also to state agencies. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) ("[T]he Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'" (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999))). Specifically, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm'

of the State." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Here, plaintiff himself acknowledges that the "Louisiana Office of Disciplinary Council is a[n] alter ego of the state of Louisiana."[20] And in any event, the Fifth Circuit has affirmed the proposition that the Louisiana Disciplinary Board—a "unitary entity" that includes the ODC as one of its component parts[21]—has Eleventh Amendment immunity. In *Zohdy v. Platsmier*, 192 F. App'x 313 (5th Cir. 2006) (per curiam), the Fifth Circuit upheld a decision finding that the Disciplinary Board had Eleventh Amendment immunity. *See id.*; *see also Atkins v. La. Attorney Disciplinary Bd.*, No. 09-6471, 2010 WL 420558, at *1 (E.D. La. Jan. 29, 2010) (same). The Eleventh Amendment, therefore, precludes this suit. Dismissal under Rule 12(b)(1) is required.

Given that the Court does not have jurisdiction over plaintiff's claims against the ODC, the Court does not address defendant's argument that it does not have the capacity to be sued,[22] and that it is not a "person" for the purposes of Section 1983.[23]

---

[20]    *See* R. Doc. 1 at 2.

[21]    *See* La. Sup. Ct. R. XIX, § 2(A).

[22]    *See* R. Doc. 8-1 at 5-7.

[23]    *See id.* at 8-9.

### B.    Kalmbach

### 1.    *Official Capacity*

Kalmbach argues that insofar as plaintiff sues her in her official capacity, she—like the ODC itself—enjoys Eleventh Amendment immunity.[24] The Court considers this argument under Rule 12(b)(1).

Plaintiff's complaint seeks "compensatory and punitive damages against defendants."[25]   But "a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment." *Chaney v. La. Work Force Comm'n*, 560 F. App'x 417, 418 (5th Cir. 2014) (per curiam) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).[26]   Thus, dismissal under Rule 12(b)(1) is appropriate.

Given that the Court does not have jurisdiction over plaintiff's claims against Kalmbach in her official capacity, the Court does not address

---

[24]    *See* R. Doc. 8-1 at 8.
[25]    *See* R. Doc. 1 at 18.
[26]    Again, this conclusion applies equally to both federal and state-law claims against Kalmbach in her official capacity. *See Fairley v. Stalder*, 294 F. App'x 805, 809 (5th Cir. 2008) (per curiam) ("The claims asserted against [a state official in his official capacity] in federal court on state law grounds for money damages . . . must still overcome Louisiana's Eleventh Amendment immunity.").

defendant's argument that she is not a "person" for the purposes of Section 1983.[27]

### 2.    *Individual Capacity*

Kalmbach argues that plaintiff's claims against her in her individual capacity are barred by the doctrine of absolute immunity.[28]   The Court considers these arguments under Rule 12(b)(6). *See Nguyen v. La. State Bd. of Cosmetology*, No. CIV.A. 14-00080-BAJ, 2015 WL 1281959, at *1 (M.D. La. Mar. 20, 2015) ("Claims of absolute and qualified immunity may . . . be raised in a Rule 12(b)(6) motion to dismiss." (citing *Morales v. Louisiana*, 74 F.3d 1236 (5th Cir. 1995))).

Plaintiff brings claims against Kalmbach in her individual capacity under state law.[29]   The Court finds that Kalmbach has absolute immunity from these claims.  The Court applies Louisiana's immunity laws regarding plaintiff's state law claims.  *See Brown v. Miller*, 519 F.3d 231, 239 (5th Cir. 2008) ("In evaluating a motion to dismiss a state claim on the grounds of qualified immunity, federal courts must apply the state's substantive law of qualified immunity.").  And the Louisiana Supreme Court Rules state that

---

[27]    *See* R. Doc. 8-1 at 8-9.
[28]    *See* R. Doc. 8-1 at 9-12.
[29]    *See* R. Doc. 1 at 9-12 (describing Kalmbach's alleged conduct under a cause of action based on the Louisiana Governmental Claims Act, La. R.S. § 13:5101).

"disciplinary counsel . . . shall be immune from suit for any conduct in the course of their official duties or reasonably related to their official duties." La. Sup. Ct. R. XIX, § 12(A).  Plaintiff's allegations against Kalmbach relate to the performance of her official duties as she investigated complaints against the lawyer Hunt.[30]   Consequently, state law provides immunity to Kalmbach.

Insofar as plaintiff brings a Section 1983 claim against Kalmbach in her individual capacity, the Court finds that Kalmbach has absolute immunity. The Fifth Circuit has extended absolute immunity to deputy counsel for attorney disciplinary boards when determining whether to file and prosecuting disciplinary charges.  *See Forman v. Ours*, 996 F.2d 306 (5th Cir. 1993) (per curiam); *see also Haney v. Schwab*, No. 19-10620, 2019 WL 6330795, at *4 (E.D. La. Nov. 5, 2019) ("[T]he Fifth Circuit has held that deputy counsel for the [Louisiana Attorney Disciplinary Board] . . . are entitled to absolute immunity from damages lawsuits."), *report and recommendation adopted*, No. 19-10620, 2019 WL 6330167 (E.D. La. Nov. 26, 2019); *Nalls v. Plattsmeir*, No. 10-450, 2010 WL 1462272, at *2 (E.D. La. Apr. 7, 2010) ("The United States Court of Appeals for the Fifth Circuit extends absolute immunity to members of administrative boards that

_____

[30]     *See* R. Doc. 1 at 11.

regulate lawyers.   The absolute immunity includes persons who act as disciplinary counsel . . . ." (citation omitted)), *aff'd sub nom. Nalls v. Plattsmiere*, 394 F. App'x 90 (5th Cir. 2010) (per curiam).   Plaintiff complains about Kalmbach's conduct for these very activities.[31]   As such, she is entitled to absolute immunity from these claims.

Given that the Court has found Kalmbach to have absolute immunity, the Court does not proceed to consider her argument in the alternative that she also has qualified immunity.[32]

## C.    Leave to Amend

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend," *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Peña v. United States,* 157 F.3d 984, 987 n.3 (5th Cir. 1998)), "unless it is obvious from the record that the plaintiff has pled his best case," *id.* at 503.   Plaintiff's opposition does "seek[] authorization to file an amended and supplemental complaint to cure defects."[33]   But plaintiff has not given any indication as to how he would—or could—fix these defects in his complaint.   Plaintiff does state a desire to add the Louisiana Disciplinary

---

[31]    *See* R. Doc. 1 at 11.
[32]    *See* R. Doc. 8-1 at 12-15.
[33]    *See* R. Doc. 16 at 2.

Board as a party.[34]   But as discussed above, such an amendment would be futile, as the Disciplinary Board is immune to suit.

Inasmuch as plaintiff has sought damages against the ODC and Kalmbach who are immune as a matter of law, any amendments to these claims would be futile.  Leave to amend is therefore denied.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

## IV.   CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against the ODC and Kalmbach in her official capacity WITHOUT PREJUDICE.  The Court DISMISSES plaintiff's claims against Kalmbach in her individual capacity WITH PREJUDICE.

New Orleans, Louisiana, this ___8th___ day of June, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[34]   *See id.* at 7.