UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                              CIVIL ACTION

VERSUS                                                          NO. 19-11451

PAULETTE RILEY IRONS, ET AL.                   SECTION "R" (2)

## ORDER AND REASONS

The Court has received a motion to dismiss from defendant the Judiciary Commission of Louisiana.[1]   Because the Commission is immune from suit, the Court grants the motion.

## I.   BACKGROUND

This case arises from allegations of impropriety associated with legal proceedings initiated in state court by plaintiff Stanley Price.[2]   In his federal complaint, plaintiff indicates that he previously filed suit in state court against attorney Quiana Hunt.[3]   Plaintiff accuses Hunt's law firm of "deny[ing] his compensation for paralegal services rendered."[4]   Plaintiff also

---

[1]   R. Doc. 24.
[2]   *See generally* R. Doc. 1.
[3]   *See id.* at 4.
[4]   *See id.* at 5.

accused Hunt of "fabricat[ing] and falsif[ying] request to T-Mobile to disconnect the phone and tablet services owned by him, changing the use of his SIMM card and convert[ing] his phone number for her personal use without his knowledge or approval," leading him to move for an injunction.[5]

In connection with these state proceedings, plaintiff alleges that various judges "acted as co-conspirators . . . to deprive plaintiff of his legal and state and federal constitutional rights."[6]   For instance, plaintiff alleges that Judge Robin Giarrusso held an "ex parte meeting" with opposing counsel,[7] and that Judge Giarrusso "redacted plaintiff's demand for trial by jury" from one of his state complaints.[8]   Plaintiff also alleges that Judge Giarrusso "adopted [opposing counsel's] disposition, spoke disrespectful in an insulting obstreperous manner of vociferation was unable to determine the veracity of the controversy, failed to resolve the issue, ruled in favor of Hunt and denied plaintiff of his property."[9]

---

[5]   *See id.* at 7.

[6]   *See* R. Doc. 1 at 14.

[7]   *See id.* at 6.

[8]   *See id.* at 7.

[9]   *See id.*   The Court's prior orders ruling on the motions to dismiss from the defendant judges contain a more detailed description of plaintiff's claims against the judges.  *See* R. Doc. 58 at 1-5; R. Doc. 59 at 1-3.

Plaintiff states that he "filed a judicial complaint with the Judiciary Commission" against Judge Giarrusso.[10]  Specifically, plaintiff states that he alleged that "Judge Giarrusso redact[ed] his demand for a trial by jury, accommodate[ed] the schedule of [opposing counsel], and refus[ed] to enforce preliminary injunction . . . in contravention of the constitution of Louisiana and United States as well as cannons of code of judicial conduct."[11]  Plaintiff now alleges that the Commission "refused or failed to investigate and interrogate Judge Giarrusso" and "determin[ed] that the complaint failed to allege judicial misconduct."[12]

Plaintiff claims that the Commission's conduct "deprived and denied him of a right to a fair and impartial trial, deprived him of his personal property in derelict of [its] ministerial duty and responsibility to enforce the law."[13]  More broadly, plaintiff claims that "[a]ll state defendants acted in concert to promote and support judicial corruption of Judge Giarrusso for political and social reasons to aid and abet illicit actions of . . . Hunt."[14]

---

[10]    *See* R. Doc. 1 at 8.  Plaintiff's opposition suggests that he also filed a complaint against Judge Christopher Bruno.  *See* R. Doc. 51 at 12.

[11]    *See* R. Doc. 1 at 8.

[12]    *See id.*

[13]    *See* R. Doc. 1 at 9.

[14]    *See id.* at 14.

Plaintiff requests "compensatory and punitive damages against defendants for their misconduct."[15]

The Judiciary Commission now moves to dismiss plaintiff's claims.[16]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as

---

[15]   *See id.* at 18.
[16]   R. Doc. 24.

it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

In assessing a challenge to its subject matter jurisdiction, a court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

## III.   DISCUSSION

### A.   Eleventh Amendment

The Commission argues that plaintiff's suit against it is barred by the Eleventh Amendment.[17]   Because this argument is jurisdictional, the Court considers it under Rule 12(b)(1), and considers it first. *See Jefferson v. La. State Supreme Court*, 46 F. App'x 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam) ("[E]leventh amendment immunity . . . deprives the

---

[17]   *See* R. Doc. 24-1 at 7-8.

court of subject matter jurisdiction of the action." (first alteration in original) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987))); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("[T]he Eleventh Amendment operates as a jurisdictional bar.").

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Louisiana has not consented to this suit.[18] *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing La. Rev. Stat. § 13:5106(A))); *see also Holliday v. Bd. of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014) ("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system.").

Generally, therefore, Louisiana enjoys immunity against suits brought in federal court. This immunity extends to suits brought under state law. *See Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (stating that state-

---

[18]   *See* R. Doc. 24-1 at 7 ("[T]he State of Louisiana has not waived its Eleventh Amendment immunity for claims against it in federal court, and does not do so now." (citation omitted)).

law claim is barred where "the plaintiff's claim was against the State of Louisiana and not the named defendant acting in his individual capacity"). It also applies to suits under Section 1983. *See Cozzo*, 279 F.3d at 281 ("[I]n enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.'" (quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979))); *see also Richardson*, 118 F.3d at 452-53 (finding that the Eleventh Amendment barred both "federal *and* state-law claims").

Furthermore, this immunity can extend not only to suits against Louisiana itself, but also to state agencies. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) ("[T]he Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'" (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999))). Specifically, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Here, plaintiff himself acknowledges that the "Judiciary Commission of Louisiana is an alter ego of the state of Louisiana."[19]  Moreover, when this district previously analyzed the issue, it also found the Eleventh Amendment applicable.  In particular, in *Lay v. Scheckman,* No. 01-2180 (E.D. La. Aug. 28, 2002), the court found that the Commission enjoyed Eleventh Amendment immunity.  *See id.*, slip op. at 1, 4-5 (adopting in relevant part the reporter and recommendation in *Lay v. Scheckman*, No. 01-2180, 2002 U.S. Dist. LEXIS 17809 (E.D. La. July 29, 2002)).  There, the district court adopted Magistrate Judge Roby's analysis of the six factors from *Hudson v. City of New Orleans* that courts use when determining whether "a suit against a governmental entity . . . is considered to be a suit against the state," and thus subject to Eleventh Amendment protections.  *See* 174 F.3d at 681; *Lay*, 2002 U.S. Dist. LEXIS 17809, at *12-24.

The Court agrees with this analysis.  The Court particularly notes that the "most important" factor—"[t]he source of the entity's funding," *see Hudson*, 174 F.3d at 681-82—is met, as the "Commission is fiscally connected with the state's financial resources," *Lay*, 2002 U.S. Dist. LEXIS 17809, at *18.  Additionally, the Supreme Court of Louisiana has described the Commission as "in the judicial branch of government," *see Babineaux v.*

---

[19]    *See* R. Doc. 1 at 3.

*Judiciary Comm'n*, 341 So. 2d 396, 401 (La. 1976) (citing La. Const., art. V, § 25 (1974)), and thus the "case law view[s] the agency as an arm of the state," *see Hudson*, 174 F.3d at 681; *see also Lay*, 2002 U.S. Dist. LEXIS 17809, at *15-16.  The Eleventh Amendment, therefore, precludes this suit.  Dismissal under Rule 12(b)(1) is required.

Given that the Court does not have jurisdiction over plaintiff's claims against the Commission, the Court does not address defendant's arguments in the alternative that it is not a "person" for the purposes of Section 1983,[20] and that absolute immunity bars plaintiff's state-law claims.[21]

## B.   Leave to Amend

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend," *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Peña v. United States,* 157 F.3d 984, 987 n.3 (5th Cir. 1998)), "unless it is obvious from the record that the plaintiff has pled his best case," *id.* at 503.  Plaintiff's opposition seeks to "preserve[] his right to file Rule 15(a) amended and supplemental complaint to cure any defects determined by the court."[22]  Specifically, plaintiff "recognizes the necessity to supplement his original complaint to seek declaratory judgment and injunctive relief

---

[20]    *See* R. Doc. 24-1 at 8.

[21]    *See id.* at 9.

[22]    *See* R. Doc. 51 at 14.

against judicial official[s] in their official capacities."[23]   Nevertheless, "[w]hile plaintiff recognizes defects in the complaint," he still contends that it "meets the material requisite to invoke federal court's jurisdiction and states a claim under the United States Constitution and federal statute to preclude dismissal."[24]

Inasmuch as plaintiff has sought damages against the Commission— which is immune as a matter of law—any amendments to these claims would be futile.   Contrary to plaintiff's suggestion, changing the remedy sought would not alter this outcome.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The doctrine of *Ex parte Young* . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought . . . ."); *Cozzo*, 279 F.3d at 280-81 (5th Cir. 2002) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief . . . .").   Leave to amend is therefore denied.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

---

[23]    *See id.* at 10.

[24]    *See id.*

## IV.   CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against the Commission WITHOUT PREJUDICE.

New Orleans, Louisiana, this ___8th___ day of June, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11