UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                        CIVIL ACTION

VERSUS                                                    NO. 19-11451

PAULETTE RILEY IRONS, ET AL.               SECTION "R" (2)

## ORDER AND REASONS

The Court has received a motion to dismiss from defendant Michelle
Beaty, Special Counsel for the Judiciary Commission of Louisiana.[1] Because
there is no basis for the Court to entertain claims against her, the Court
grants the motion.

## I.    BACKGROUND

This case arises from allegations of impropriety associated with legal
proceedings initiated in state court by plaintiff Stanley Price.[2] Price alleges
in part that various state judges "acted as co-conspirators . . . to deprive
plaintiff of his legal and state and federal constitutional rights."[3] For

---

[1]    R. Doc. 29.
[2]    *See generally* R. Doc. 1.  The Court's prior rulings on other defendants'
motions to dismiss contain additional factual background. *See, e.g.*, R. Doc.
58 at 1-5.
[3]    *See* R. Doc. 1 at 14.

instance, plaintiff alleges that Judge Robin Giarrusso held an "ex parte meeting" with opposing counsel,[4] and that Judge Giarrusso "redacted plaintiff's demand for trial by jury" from one of his state complaints.[5] Plaintiff also alleges that Judge Giarrusso "adopted [opposing counsel's] disposition, spoke disrespectful in an insulting obstreperous manner of vociferation was unable to determine the veracity of the controversy, failed to resolve the issue, ruled in favor of [the opposing party] and denied plaintiff of his property."[6]

Plaintiff states that he "filed a judicial complaint with the Judiciary Commission" against Judge Giarrusso.[7] Specifically, plaintiff states that he alleged that "Judge Giarrusso redact[ed] his demand for a trial by jury, accommodate[ed] the schedule of [opposing counsel], and refus[ed] to enforce preliminary injunction . . . in contravention of the constitution of Louisiana and United States as well as cannons of code of judicial conduct."[8]

Plaintiff now alleges that the Commission and Beaty, the Commission's special counsel, "refused or failed to investigate and interrogate Judge

---

[4]    *See id.* at 6.
[5]    *See id.* at 7.
[6]    *See id.*
[7]    *See* R. Doc. 1 at 8.  Plaintiff's briefing suggests that he also filed a complaint against Judge Christopher Bruno. *See* R. Doc. 51 at 12.
[8]    *See* R. Doc. 1 at 8.

Giarrusso" and "determin[ed] that the complaint failed to allege judicial misconduct."[9]  Plaintiff specifically alleges that Beaty "articulated her office was responsible for investigating" such complaints, "but failed to enforce rules against Judge . . . Giarrusso."[10]

Plaintiff claims that the Commission's and Beaty's conduct "deprived and denied him of a right to a fair and impartial trial, deprived him of his personal property in derelict of their ministerial duty and responsibility to enforce the law."[11]  Additionally, plaintiff alleges that "Beaty neglected to perform [her] judicial and fiduciary duty to recuse and discipline Judge Giarrusso . . . for the sole purpose of concealing her injudicious conduct."[12]  Indeed, plaintiff claims that "[a]ll state defendants acted in concert to promote and support judicial corruption of Judge Giarrusso for political and social reasons."[13]  Plaintiff requests "compensatory and punitive damages against defendants for their misconduct."[14]

Beaty now moves to dismiss plaintiff's claims.[15]

---

[9]      *See* R. Doc. 1 at 8.
[10]    *See id.* at 9.
[11]    *See* R. Doc. 1 at 9.
[12]    *See id.*
[13]    *See id.* at 14.
[14]    *See id.* at 18.
[15]    R. Doc. 29.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

In assessing a challenge to its subject matter jurisdiction, a court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the

4

complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists.  *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

### B.     Federal Rule of Civil Procedure 12(b)(6)

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must "accept all factual allegations in the complaint as true" and "must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true.  *See Iqbal*, 556 U.S. at 678.  It need not contain "'detailed factual allegations,'" but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"

*See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III.   DISCUSSION

### A.   Official Capacity

Beaty argues that insofar as plaintiff sues her in her official capacity, the Eleventh Amendment bars his suit.[16]   Because this argument is jurisdictional, the Court considers it under Rule 12(b)(1), and considers it first. *See Jefferson v. La. State Supreme Court*, 46 F. App'x 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam) ("[E]leventh amendment immunity . . . deprives the court of subject matter jurisdiction of the action." (first alteration in original) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987))); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("[T]he Eleventh Amendment operates as a jurisdictional bar.").

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).   Louisiana has not consented to this suit.[17] *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its

---

[16]     *See* R. Doc. 29-1 at 6-7.

[17]     *See* R. Doc. 29-1 at 6 ("The State of Louisiana has not waived its Eleventh Amendment immunity for claims against it in federal court, and does not do so now." (citation omitted)).

Eleventh Amendment sovereign immunity regarding suits in federal courts."
(citing La. Rev. Stat. § 13:5106(A))); *see also Holliday v. Bd. of Supervisors
of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014) ("While Louisiana
may have waived sovereign immunity with respect to some claims, La. Const.
art. 1 § 26 makes it clear the State has not waived its sovereignty within the
federal system.").

Generally, therefore, Louisiana enjoys immunity against suits brought
in federal court.  This immunity applies to suits brought under state law.  *See
Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (stating that state-
law claim is barred where "the plaintiff's claim was against the State of
Louisiana and not the named defendant acting in his individual capacity").
It also applies to suits under Section 1983.  *See Cozzo*, 279 F.3d at 281 ("[I]n
enacting § 1983, Congress did 'not explicitly and by clear language indicate
on its face an intent to sweep away the immunity of the States.'" (quoting
*Quern v. Jordan*, 440 U.S. 332, 345 (1979))); *see also Richardson*, 118 F.3d
at 452-53 (finding that the Eleventh Amendment barred both "federal *and*
state-law claims").

Furthermore, "Eleventh Amendment immunity applies equally to state
agencies and state officials when sued in their official capacities because
official capacity suits are construed as suits against the state."  *Gilbert v.*

*Perry*, 302 F. App'x 320, 321 (5th Cir. 2008) (per curiam); *see also Johnson v. Bryant*, No. 5:15-CV-64(DCB)(MTP), 2016 WL 1060325, at *2 (S.D. Miss. Mar. 15, 2016) (stating that the Eleventh Amendment's "prohibition also extends to state agency officials sued in their official capacities"). Specifically, "[i]f . . . an action is in essence against a State even if the State is not a named party, then the State is the real party in interest and is entitled to invoke the Eleventh Amendment's protection." *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017). Consequently, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). And by further extension, when "lawsuits brought against employees in their official capacity 'represent only another way of pleading an action against an entity of which an officer is an agent,'" the Eleventh Amendment may also apply. *See Lewis*, 137 S. Ct. at 1290-91 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.").

The Court has already found that the Eleventh Amendment precludes plaintiff's suit against the Judiciary Commission as an alter ego of the state.[18] The Court now further finds that insofar as plaintiff's complaint attempts to state a claim against defendant Beaty in her official capacity, as Special Counsel for the Commission, this suit merely represents another way for plaintiff to plead an action against the Commission—and, in turn, the state. Consequently, the Court finds that in her official capacity Beaty—like the Commission itself—has Eleventh Amendment immunity.  Thus, dismissal under Rule 12(b)(1) is required.

Given that the Court does not have jurisdiction over plaintiff's claims against Beaty in her official capacity, the Court does not address defendant's argument that she is not a "person" for the purposes of Section 1983.[19]

## B.    Individual Capacity

Beaty argues that plaintiff's claims against her in her individual capacity are barred by the doctrine of absolute immunity.[20]  The Court considers these arguments under Rule 12(b)(6). *See Nguyen v. La. State Bd. of Cosmetology*, No. CIV.A. 14-00080-BAJ, 2015 WL 1281959, at *1 (M.D. La. Mar. 20, 2015) ("Claims of absolute and qualified immunity may . . . be

---

[18]    *See* R. Doc. 66 at 7-9.
[19]    *See* R. Doc. 29-1 at 7-8.
[20]    *See* R. Doc. 29-1 at 8-11.

raised in a Rule 12(b)(6) motion to dismiss." (citing *Morales v. Louisiana*, 74 F.3d 1236 (5th Cir. 1995))).

Plaintiff brings claims against Beaty in her individual capacity under state law.[21]   The Court finds that Beaty has absolute immunity from these claims.  The Court applies Louisiana's immunity laws regarding plaintiff's state law claims.  *See Brown v. Miller*, 519 F.3d 231, 239 (5th Cir. 2008) ("In evaluating a motion to dismiss a state claim on the grounds of qualified immunity, federal courts must apply the state's substantive law of qualified immunity.").  And the Louisiana Supreme Court Rules state that, among others, the Judiciary Commission's "Special Counsel . . . shall be absolutely immune from civil suit for all conduct in the course of [her] official duties." La. Sup. Ct. R. XXIII, § 32.  Plaintiff's allegations against Beaty relate to conduct in the course of her official duties as she allegedly reviewed plaintiff's complaints against Judge Giarrusso.[22]   Consequently, state law provides immunity to her.

---

[21]   *See* R. Doc. 1 at 8-9 (describing Beaty's alleged conduct under a cause of action based, in part, on the Louisiana constitution); *id.* at 10 (including an allegation against Beaty under a cause of action based on the Louisiana Governmental Claims Act, La. R.S. § 13:5101).

[22]   *See* R. Doc. 1 at 8-9.

Plaintiff also claims that Beaty violated his rights under the U.S. Constitution.[23]  Insofar as plaintiff brings a Section 1983 claim against Beaty in her individual capacity,[24] the Court finds that Beaty has absolute immunity.  The Fifth Circuit has recognized that absolute immunity can extend to "administrative officials . . . who perform[] functions similar to those of judges and prosecutors." *See Austin Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 688 (5th Cir. 1985).  To determine whether the "person's official conduct is absolutely immune from civil liability," courts look to three factors: whether "a) the official's functions share the characteristics of the judicial process; b) the official's activities are likely to result in recriminatory lawsuits by disappointed parties; and c) sufficient safeguards exist in the regulatory framework to control unconstitutional conduct." *See id.* (citing *Butz v. Economou*, 438 U.S. 478, 510-13 (1978)).

The Court finds that these factors are met here.  First, the Judiciary Commission serves, in part, to conduct preliminary inquiries based on

---

[23]    *See* R. Doc. 1 at 8-9 (describing Beaty's alleged conduct under a cause of action based, in part, on the U.S. Constitution).

[24]    Section 1983 "provides a remedy for the violation [, by a person acting under color of state law,] of rights secured under the Constitution and laws of the United States." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (alteration in original) (emphasis omitted) (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983)).

complaints of judicial misconduct. *See* La. Sup. Ct. R. XXIII, § 3(a)(1). Based on this inquiry, "the Commission may authorize an investigation to determine whether formally specified allegations of misconduct or disability should be filed and a hearing should be held . . . and, if so, whether a recommendation of discipline . . . is warranted." *Id.*, § 3(a)(4). The Commission's Special Counsel, in turn, has the responsibility to "[r]eceive and screen complaints, conduct preliminary inquiries and recommend dispositions of such complaints to the Commission without further inquiry." *See* La. Judiciary Comm'n R. XI(C)(1)(a). Because the Special Counsel serves in part to determine whether charges should be brought, "a traditional prosecutorial function," Beaty's functions share the characteristics of the judicial process. *See Austin*, 757 F.2d at 689.

Second, the Court finds that in this capacity, the Special Counsel is likely the target of lawsuits from parties involved in such disciplinary proceedings—as this suit exemplifies. Third, the Court finds that the Judiciary Commission has in place sufficient safeguards to prevent unconstitutional conduct. *See generally* La. Judiciary Comm'n R.

Furthermore, the Fifth Circuit has extended absolute immunity to other comparable disciplinary officials. Specifically, courts have given absolute immunity to counsel for attorney disciplinary boards when

determining whether to file and prosecuting disciplinary charges. *See Forman v. Ours*, 996 F.2d 306 (5th Cir. 1993) (per curiam); *see also Haney v. Schwab*, No. 19-10620, 2019 WL 6330795, at *4 (E.D. La. Nov. 5, 2019) ("[T]he Fifth Circuit has held that deputy counsel for the [Louisiana Attorney Disciplinary Board] . . . are entitled to absolute immunity from damages lawsuits."), *report and recommendation adopted*, No. 19-10620, 2019 WL 6330167 (E.D. La. Nov. 26, 2019); *Nalls v. Plattsmeir*, No. 10-450, 2010 WL 1462272, at *2 (E.D. La. Apr. 7, 2010) ("The United States Court of Appeals for the Fifth Circuit extends absolute immunity to members of administrative boards that regulate lawyers.  The absolute immunity includes persons who act as disciplinary counsel . . . ." (citation omitted)), *aff'd sub nom. Nalls v. Plattsmiere*, 394 F. App'x 90 (5th Cir. 2010) (per curiam).  Beaty performs a similar function with regard to judicial discipline.  Consequently, the Court finds that the Fifth Circuit's precedent regarding officials responsible for attorney discipline supports extending absolute immunity to officials responsible for judicial discipline.

Plaintiff complains about Beaty's conduct based on activities for which she enjoys this immunity.[25]  For instance, plaintiff criticizes Beaty for "determining that the complaint [against Judge Giarrusso] failed to allege

---

[25]    *See* R. Doc. 1 at 8-9.

judicial misconduct."[26]   Consequently, Beaty is entitled to absolute immunity from these claims.

Given that the Court has found Beaty to have absolute immunity, the Court does not proceed to consider her argument in the alternative that she also has qualified immunity.[27]

### C.   Leave to Amend

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend," *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Peña v. United States,* 157 F.3d 984, 987 n.3 (5th Cir. 1998)), "unless it is obvious from the record that the plaintiff has pled his best case," *id.* at 503.  Plaintiff's opposition seeks to "preserve[] his right to file Rule 15(a) amended and supplemental complaint to cure any defects determined by the court."[28]    Specifically, plaintiff "recognizes the necessity to supplement his original complaint to seek declaratory judgment and injunctive relief against judicial official[s] in their official capacities."[29]  He

---

[26]    *See id.* at 8.
[27]    *See* R. Doc. 29-1 at 11-13.
[28]    *See* R. Doc. 51 at 14.  Although plaintiff states that he "files this opposition to defendants Judiciary Commission," *see id.* at 15, plaintiff also presents arguments regarding Beaty, *see id.* at 13-14.
[29]    *See id.* at 10.

also seeks to add the "remaining members of the Commission" once he learns their identities.[30]

Even if plaintiff were to amend his complaint to include requests for other types of relief or to add additional parties, the Court would still have discretion to deny his amendment as futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). Plaintiff has not provided any indication that adding other Commission members would change the Court's analysis. And while suing for declaratory or injunctive relief could address some of the deficits in plaintiff's complaint, *see Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991), plaintiff has identified no basis that would warrant the issuance of a declaration or injunction. Rather, plaintiff's allegations rest on dissatisfaction with the merits of the decisions the Judiciary Commission's counsel made in her capacity as a state official. These conclusory allegations raise no plausible federal claims and would not provide grounds for the issuance of declaratory or injunctive relief. Therefore, any amendment would be futile. The Court thus denies plaintiff leave to amend his complaint.

---

[30]     *See id.* at 14.

## IV.   CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against Beaty in her official capacity WITHOUT PREJUDICE, and DISMISSES plaintiff's claims against Beaty in her individual capacity WITH PREJUDICE.

New Orleans, Louisiana, this __8th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE